FILED
NOV 13 2014
U.S. CLERK'S OFFICE
INDIANAPOLIS, INDIANA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. |
| ) | |
| ) | Filed: |
| v. ) | |
| ) | Violation: 15 U.S.C. § 1 |
| ) | |
| AISIN SEIKI CO., LTD., ) | |
| ) | 1:14-cr-0229 JMS-MJD |
| Defendant. ) | |

# INFORMATION

### COUNT ONE
### CONSPIRACY TO RESTRAIN TRADE
### 15 U.S.C. § 1

THE UNITED STATES, ACTING THROUGH ITS ATTORNEYS, CHARGES:

I.

### Defendant and Co-Conspirators

1. AISIN SEIKI CO., LTD. ("Defendant") is a corporation organized and existing under the laws of Japan with its registered headquarters in Kariya, Japan, and U.S. subsidiaries in various locations, including Northville, MI. During the period covered by this Information, the Defendant was engaged in the business of manufacturing and selling variable valve timing ("VVT") devices to automobile manufacturers, including General Motors Company, Nissan Motor Co., Ltd., Volvo Car Corporation, BMW AG, and certain of their subsidiaries, affiliates, and suppliers (collectively, "Automobile Manufacturers") for installation in vehicles manufactured and sold in the United States and elsewhere.

2. Another corporation and other individuals, not made defendants in this Information, participated as co-conspirators in the offense charged in this Information and performed acts and made statements in furtherance thereof.

3. Whenever in this Information reference is made to any act, deed, or transaction of any corporation, the allegation means that the corporation engaged in the act, deed, or transaction by or through its officers, directors, agents, employees, or other representatives while they were actively engaged in the management, direction, control, or transaction of its business or affairs.

## II.

### Background of the Offense

4. During the period covered by this Information, the Defendant and its co-conspirators supplied VVT devices to Automobile Manufacturers for installation in vehicles manufactured and sold in the United States and elsewhere. During the period covered by this Information, the Defendant and its co-conspirators manufactured VVT devices: (a) in the United States for installation in vehicles manufactured and sold in the United States; (b) in Japan and elsewhere for export to the United States and installation in vehicles manufactured and sold in the United States; and (c) in Japan and elsewhere for installation in vehicles manufactured in Japan and elsewhere for export to and sale in the United States.

5. VVT devices are installed in automobile engines and regulate the timing, extent, and duration of the opening of the engine's intake and exhaust valves, thereby increasing fuel economy and engine performance. When an Automobile Manufacturer wishes to purchase a VVT device for installation in an automobile engine, it typically issues a Request for Quotation ("RFQ") to automotive-parts suppliers. The RFQ specifies the type of camshaft that is used by the engine. In response to the RFQ, automotive-parts suppliers submit price quotes, or bids, to

the Automobile Manufacturer for a VVT device that fits the engine's camshaft. Usually, the process to supply VVT devices for a particular engine model begins three or four years prior to the start of the engine's production. The typical length of a contract to supply VVT devices is three to five years.

### III.

### Description of the Offense

6. From at least as early as September 2000 and continuing until at least February 2010, the Defendant and its co-conspirators participated in a combination and conspiracy to suppress and eliminate competition in the automotive parts industry by agreeing to allocate customers of, rig bids for, and fix, stabilize, and maintain the prices of, VVT devices sold to Automobile Manufacturers in the United States and elsewhere. The combination and conspiracy engaged in by the Defendant and its co-conspirators was in unreasonable restraint of interstate and import trade and commerce in violation of Section 1 of the Sherman Act (15 U.S.C. § 1).

7. The charged combination and conspiracy consisted of a continuing agreement, understanding, and concert of action among the Defendant and its co-conspirators, the substantial terms of which were to allocate customers of, rig bids for, and fix, stabilize, and maintain the prices of, VVT devices sold to Automobile Manufacturers in the United States and elsewhere.

### IV.

### Manner and Means of the Conspiracy

8. For the purpose of forming and carrying out the charged combination and conspiracy, the Defendant and its co-conspirators did those things that they combined and conspired to do, including, among other things:

(a) participating in meetings, conversations, and communications to discuss bids and price quotations for VVT devices to be submitted to Automobile Manufacturers in the United States and elsewhere;

(b) agreeing, during those meetings, conversations, and communications, to allocate the Automobile Manufacturers to whom each would sell VVT devices in the United States and elsewhere;

(c) agreeing, during those meetings, conversations, and communications, on bids and price quotations for VVT devices to be submitted to Automobile Manufacturers in the United States and elsewhere;

(d) exchanging information on bids and price quotations for VVT devices to be submitted to Automobile Manufacturers in the United States and elsewhere, in order to effectuate the agreements;

(e) submitting bids and price quotations for VVT devices to Automobile Manufacturers in the United States and elsewhere in accordance with the agreements reached;

(f) selling VVT devices to Automobile Manufacturers in the United States and elsewhere at collusive and noncompetitive prices;

(g) accepting payment for VVT devices sold to Automobile Manufacturers in the United States and elsewhere at collusive and noncompetitive prices; and

(h) engaging in meetings, conversations, and communications for the purpose of monitoring and enforcing adherence to the conspiracy.

## V.

### Trade and Commerce

9. During the period covered by this Count, the Defendant and its co-conspirators sold to Automobile Manufacturers in the United States and elsewhere substantial quantities of VVT devices in a continuous and uninterrupted flow of interstate and import trade and commerce. In addition, substantial quantities of equipment and supplies necessary to the manufacture and sale of VVT devices sold by Defendant and its co-conspirators, as well as substantial payments for VVT devices sold by Defendant and its co-conspirators, traveled in interstate and import trade and commerce. The business activities of Defendant and its co-conspirators in connection with the manufacture and sale of VVT devices that were the subject of the charged conspiracy were within the flow of, and substantially affected, interstate and import trade and commerce.

## VI.

### Jurisdiction and Venue

10. The combination and conspiracy charged in this Information was carried out within the United States, at least in part, within the five years preceding the filing of this Information.

ALL IN VIOLATION OF TITLE 15, UNITED STATES CODE, SECTION 1.

Dated: 11/13/14

_____
Brent C. Snyder
Deputy Assistant Attorney General

_____
Frank J. Vondrak
Chief, Chicago Office


_____
Marvin N. Price, Jr.
Director of Criminal Enforcement
Antitrust Division
U.S. Department of Justice

_____
Michael N. Loterstein, IL Bar No. 6297060
Andrew K.M. Rosa, HI Bar No. 6366
Ruben Martinez, Jr., TX Bar No. 24052278
Matthew J. McCrobie, IL Bar. No. 6309644
Trial Attorneys
U.S. Dept. of Justice
Antitrust Division
Chicago Office
209 S. LaSalle, Suite 600
Chicago, IL 60604
Phone: (312) 984-7200
Fax: (312) 984-7299
Email: Michael.Loterstein@usdoj.gov